UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION** |
| v. | * | NO.  26-CV-0113 |
| **SUSAN HUTSON, in her official capacity as ORLEANS PARISH CRIMINAL SHERIFF** | * | **JUDGE** |
| | * | **MAG. JUDGE** |

**PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS**

**NOW INTO COURT,** through the undersigned Assistant United States Attorneys, comes petitioner, the United States of America, on behalf of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), and respectfully submits its petition to enforce administrative subpoenas served upon subordinate officers of respondent, Susan Hutson, in her official capacity as Orleans Parish Criminal Sheriff, for production of documents and witnesses in her custody and control.

**Parties, Jurisdiction, and Venue**

1.

Petitioner is the United States of America, acting through DHS-ICE, and proceeding in its sovereign capacity. ICE is responsible for the investigation, arrest, detention, and removal of aliens within the United States. *See* 6 U.S.C. § 251 (transferring to the Secretary of Homeland Security functions relating to the inspection, investigation, detention, and removal of aliens); *Clark v. Suarez Martinez*, 543 U.S. 371, 374 n.1 (2005) (noting that the powers of investigation and detention of aliens formerly provided to the Attorney General were transferred to the Department of Homeland Security and its components, including ICE).

2.

Respondent is Susan Hutson, in her official capacity as Orleans Parish Criminal Sheriff.

3.

Jurisdiction is proper under 28 U.S.C. §§ 1331, 1345, and 8 U.S.C. § 1225(d)(4)(B), which provides for a subpoena-enforcement action to be filed in "[a]ny United States district court within the jurisdiction of which investigations or inquiries are being conducted by an immigration officer…." The investigation of the subjects referenced in the attached administrative subpoenas is being conducted in Orleans Parish, which is within the Eastern District of Louisiana. *See* Declaration of ICE Deputy Field Office Director at p. 3, ¶¶ 10–11.

4.

Venue is proper in this district under 8 U.S.C. § 1225(d)(4)(B) because ICE is conducting its investigation within the Eastern District of Louisiana, *see id.*, and under 28 U.S.C. § 1391(b)(1) because respondent is located in this district.

**Facts**

5.

Beginning in October 2025 and continuing through January 2026, ICE has issued and served on respondent 20 administrative subpoenas for documents and witnesses under respondent's custody and control. *See* declaration at pp. 7–15 and attached exhibits 1 through 20 (administrative subpoenas).

6.

These administrative subpoenas were issued to aid ICE's enforcement of federal immigration laws, which include the determination of criminal aliens' location and their potential for arrest and removal.

7.

To date, respondent has not complied with ICE's administrative subpoenas. Further, respondent's representatives have indicated to ICE that its noncompliance is based upon terms outlined in the Orleans Parish Sheriff's Office's policy governing ICE procedures, which was adopted as part of a settlement agreement and federal consent decree in a prior civil-rights action captioned *Cacho v. Gusman*, No. 11-225 (E.D. La.), Div. 1 at Rec. Doc. 95-3. Declaration at p. 17, ¶ 90.

8.

Respondent's *Cacho* policy doesn't justify its refusal to comply with ICE's administrative subpoenas for several reasons. First, on its face, the *Cacho* policy pertains only to Form I-247 detainer requests for a 48-hour hold issued under authority of 8 C.F.R. § 287.7 and 8 U.S.C. § 1357(d)(3). The *Cacho* policy is silent as to respondent's obligation to respond to administrative subpoenas for testimony and documents issued under authority of 8 U.S.C. § 1225(d)(4)(A). Second, respondent is not in compliance with its own *Cacho* policy. Several aliens identified in outstanding administrative subpoenas have, in fact, been charged with one of the qualifying state-law offenses identified in the policy as triggering cooperation with ICE detainer requests. Declaration at p. 8, ¶ 31 & p. 12, ¶ 60. Third, the consent decree in *Cacho* is subject to a current motion to dissolve filed by an intervenor, the State of Louisiana, that has been pending for more than 30 days. *Cacho v. Gusman*, No. 11-225 (E.D. La.), Div. 1 at Rec. Doc. 157. For that reason, the terms of the consent decree are stayed by operation of the Prison Litigation Reform Act, 18 U.S.C. § 3626(e). *See id*. at Rec. Doc. 161.

**Cause of Action**

9.

In 8 U.S.C. § 1225(d)(4)(A), Congress has authorized immigration officers to "require by subpoena the attendance and testimony of witnesses before immigration officers and the production of books, papers, and documents relating to the privilege of any person to enter, reenter, reside in, or pass through the United States or concerning any matter which is material and relevant to the enforcement of this chapter and the administration of the Service." The term "this chapter" in the statute broadly refers to Title 8, United States Code, Chapter 12 ("Immigration and Nationality"), which encompasses 8 U.S.C. §§ 1101–1537, and the "Service" now refers to the U.S. Department of Homeland Security.

10.

The Supreme Court has held that an administrative subpoena "is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950); *accord McLane v. EEOC*, 581 U.S. 72, 77 (2017) (holding that if the information sought by an administrative subpoena is relevant to the agency's inquiry, "the district court should enforce the subpoena" unless the subpoena "is too indefinite, has been issued for an illegitimate purpose, or is unduly burdensome" (cleaned up)).

11.

Under these standards: (a) ICE's issuance of the subpoenas was "within the authority of the agency"; (b) the demand in ICE's subpoenas for testimony and documents was specific and thus "not too indefinite"; and (c) the witnesses and documents sought are "reasonably relevant" to those investigations. *Morton Salt*, 338 U.S. at 652.

12.

For these reasons, respondent has no justification, under its *Cacho* policy or otherwise, for refusing to comply with the subpoenas; the Court should enforce them accordingly.

**Prayer for Relief**

**WHEREFORE**, the United States prays that its petition be deemed sufficient and that the Court enter an order:

1. Directing respondent to show cause in a summary proceeding why it should not produce the witnesses and documents as referenced in the 20 administrative subpoenas from ICE under 8 U.S.C. § 1225(d)(4)(B); and

2. In the absence of legally sufficient good cause for its noncompliance under the *Morton Salt* standard, directing respondent to produce the witnesses and documents as referenced in the 20 administrative subpoenas from ICE under 8 U.S.C. § 1225(d)(4)(B); and

3. Awarding the United States any costs incurred in maintaining this civil action, and for any further relief the Court deems proper.

Respectfully submitted,

DAVID I. COURCELLE
UNITED STATES ATTORNEY

*s/Peter M. Mansfield*
PETER M. MANSFIELD (#28671)
BROCK D. DUPRE (#28563)
Assistant United States Attorneys
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130-7212
Telephone: (504) 680-3047
Email: Peter.Mansfield@usdoj.gov
Brock.Dupre@usdoj.gov