**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION** |
| **v.** | * | **NO.** 26-CV-0113 |
| **SUSAN HUTSON, in her official capacity as** | * | **JUDGE** |
| **ORLEANS PARISH CRIMINAL SHERIFF** | | |
| | * | **MAG. JUDGE** |

---

### DECLARATION OF BRIAN S. ACUNA, DEPUTY FIELD OFFICE DIRECTOR

---

I, Brian S. Acuna, declare as follows:

1. I am employed by the U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), as a Deputy Field Office Director (DFOD) over ICE's New Orleans Field Office. As DFOD, I am charged with the responsibility to manage several aspects of the immigration enforcement process, including the identification and arrest, transportation, detention, case management, and removal of aliens. I have served in this position since April 2022.

2. I have been employed in various capacities with ICE for 28 years. I previously served as the Acting Field Office Director in New Orleans, as an Acting Senior Executive Service Deputy Assistant Director for field operations activities in the Eastern United States, as a Unit Chief at the National Fugitive Operations Program and an Assistant Field Office Director in the New Orleans Field Office.

3. The statements in this declaration are based upon information known to me in the scope of my official duties with ICE.

Ex. A

4. ICE was established by Congress via the Homeland Security Act of 2022, and is charged with enforcement of more than 400 federal statutes. Its mission is to protect the United States from cross-border crime and illegal immigration that threaten national security and public safety. To carry out this mission, ICE focuses on enforcing federal immigration laws, preventing terrorism, and combating transnational criminal threats.

5. As an operational program of ICE, ERO is responsible for the planning, management, and direction of broad programs relating to the supervision, detention, and removal of aliens who are removable from the United States under federal immigration laws. ERO oversees programs and conducts operations to identify and arrest removable aliens, to detain these individuals when necessary, and to remove illegal aliens from the United States, consistent with the existing federal laws. ERO prioritizes locating, arresting, and the removal of convicted criminals, those who pose a threat to national security, fugitives, recent border entrants, and aliens who thwart immigration controls.

6. ERO manages all logistical aspects of the removal process, including transportation, detention, alternatives to detention programs, bond management, and supervised release.

7. In order to complete its mission, ERO routinely requests information from local, state, and federal law-enforcement agencies and interviews with inmates in their custody in order to make removability determinations, to prepare for targeted arrests, and to determine the location of criminal aliens. ERO also serves administrative subpoenas upon local and state custodians of prisons and jails where removable aliens may be located to produce those aliens as witnesses under subpoena for examination as authorized by federal law.

8.  In investigating aliens for potential removal or criminal prosecution, ERO uses nationwide electronic databases including, most notably, the National Crime Information Center (NCIC) database. The NCIC database contains biometric information concerning aliens, such as fingerprint records, physical descriptions, nationality, known aliases, and, sometimes, address information and criminal history. However, the address information available in NCIC is often not up to date, and the criminal-history information available is typically in the form of a list of arrests, charges, convictions, and sentences that contains little or no factual information concerning the underlying crimes. For that reason, ERO must often utilize other resources authorized by law to discover relevant information pertaining to criminal histories of aliens who may be potentially removable.

## BACKGROUND ON ENFORCEMENT EFFORTS INVOLVING ORLEANS PARISH SHERIFF'S OFFICE

9.  If ICE determines that an individual in state or local custody is potentially removable, one mechanism available under federal law is the issuance of an Immigration Detainer – Notice of Action (DHS Form I-247A). Two requests of the law-enforcement agencies receiving the detainer are (1) notify ICE at least 48 hours before releasing the individual, and (2) maintain custody of the individual for up to 48 hours beyond the scheduled release date to allow ICE to assume custody.[1]

10. ERO New Orleans's Area of Responsibility includes Orleans Parish.

11. Upon information and belief, the Orleans Parish Sheriff's Office (OPSO), acting at the direction of current Criminal Sheriff Susan Hutson, maintains custody of individuals who are arrested and charged with criminal offenses within Orleans Parish; awaiting trial,

---

[1] *See generally* 8 U.S.C. § 1357; 8 C.F.R. § 287.7.

sentencing, and various court proceedings before the Criminal District Court for the Parish of Orleans; and have been convicted and are serving sentences for state or local offenses, typically arising out of crimes committed within Orleans Parish.

12. In fiscal years 2022 to 2025, ICE submitted the following numbers of detainers to the OPSO:

FY2022:   25
FY2023:   38
FY2024:   82
FY2025:   25
Total:     170

13. From FY2022 to FY2025, the OPSO honored two detainers and did not honor 168 detainers (an acceptance rate of just 1.2%).

## UTILIZATION OF TITLE 8 SUBPOENAS

14. Based upon OPSO's prior failures to honor ICE detainers, ERO issued Immigration Enforcement Subpoenas to OPSO during the months of October 2025 through December 2025. These subpoenas were issued under the authority of 8 U.S.C. § 1225(d) and 8 C.F.R. § 287.4(c) regarding nine identified aliens on whom ICE also issued detainers. All subpoenas were served on the aliens' custodian, OPSO, by ERO. The OPSO acknowledged receipt of the subpoenas.

15. The first set of subpoenas were issued in the cases of individual aliens seeking: (1) the production of the aliens themselves as a witness to ERO; and (2) production of documents associated with that alien.

16. The aliens themselves are crucial witnesses to active immigration enforcement cases within the scope of ICE-ERO's statutory authority as information about alienage, potential adjustment of status, and relief applications are best obtained from that alien him/herself through oral communication with ERO officers.

17. Additionally, as for each alien, ERO's subpoenas also sought identification documents as to the subject. Documents often provide essential information about alienage and, upon further inquiry, potential adjustment of status and relief applications, which could impact our ability to effect removal. These identification documents further our investigative efforts. Moreover, identifying documents often contain addresses that are not already in ERO's possession, which would further assist in ERO's investigative efforts if the alien is released without honoring our detainer, as has historically been the case with OPSO. *See* Paragraphs 12-13. While ERO has access to some address information for some of the aliens via the NCIC database, that information is frequently not up to date. Using outdated address information wastes vital federal law-enforcement resources in criminal alien apprehension. Obtaining identification documents also allows ERO to verify that the alien detained by OPSO is, in fact, the same individual ERO is investigating.

18. Moreover, in my 28 years of immigration-enforcement experience, criminal aliens sometimes possess false identification documents, which is, in and of itself, a crime.[2] OPSO, the only entity in custody of the subpoenaed witness and documents in the alien's possession at the time of their arrest, is ERO's only source for this type of information. Aliens in possession of fraudulent identification documents raise the specter of potential public-assistance fraud, victimization of lawful residents and citizens of the United States, and evasion of law-enforcement apprehension, which threaten limited state and local resources and public safety.

19. Given OPSO's failures to honor ERO's detainers, *see* Paragraphs 12-13, aliens with criminal charges are generally released by OPSO without providing ERO any

---

[2]   *See, e.g.*, 18 U.S.C. § 1546 (Fraud and Misuse of Visas, Permits, and Other Documents); 18 U.S.C. § 911 (False Personation as a Citizen of the United States).

information about those aliens. As such, these subjects are, for lack of a better word, at large. If OPSO had provided bond information, contact information, and/or next of kin information, such information would assist in attempts to locate these aliens for immigration enforcement purposes. Additionally, state-law criminal charges are significant in immigration proceedings in determining whether an alien is subject to mandatory detention and to potential federal criminal grounds of removability. This information is presented at bond and merits hearings before the Executive Office of Immigration Review. Thus, information about the subject's arrest is necessary for immigration enforcement purposes.

20. On December 23, 2025, ERO sent additional subpoenas on the same six aliens referenced in Paragraph 15 which further specified the precise type of documentation needed from OPSO for ERO's immigration enforcement investigation. First, ERO sought from OPSO that alien's biographical information, home address, information obtained from identification documents (such as a driver's license numbers and state, foreign identification document card numbers and country, passport numbers and country), copies of these identification documents, bond information to include obligor name and address, and emergency contact information. Second, these clarifying subpoenas sought documents related to the criminal charge causing the alien to go into OPSO custody, specifically the arrest report, booking sheet, booking photo, probable cause statements, release agreements, and associated bond or surety documents.

21. On December 23, 2025, ERO identified three additional known aliens in OPSO custody. ERO issued detainers on these aliens and also issued subpoenas for documents seeking the same information described in Paragraph 20, above.

22. For these subpoenas referenced in Paragraphs 20 and 21, above, (hereinafter referred to as the "December 23 subpoenas"), a deadline of January 2, 2026, at 4:30 PM was set for a return on the sought information.

**SUBPOENA FOR ALIENS AS WITNESSES AND ASSOCIATED DOCUMENTS**

23. I discuss below nine aliens who are subject to detainers issued by ERO as referenced in Paragraphs 15, 20 and 21. ERO has determined, for each alien described below, that there is probable cause that the alien may be subject to removal from the United States. The testimony and/or documents sought for each are essential to the respective immigration enforcement investigation conducted by ERO and would likely assist ERO to further pursue its investigation.

24. I have reviewed ERO's files with respect to each alien and am familiar with the information ERO has, and does not have, in its possession with respect to each alien, as outlined below.

**Alien 1 – Jose Fernando Arzu-Osorto**

25. ERO has a history of OPSO not honoring detainers on this subject. On or about June 18, 2024, this subject was arrested for La. R.S. 14:81 (indecent behavior with a juvenile). ERO placed a detainer on the subject in 2024 but the OPSO refused to honor it. He is in Orleans Parish custody for a violation of La. R.S. 14:64.3 (armed robbery with firearm).

26. On October 17, 2025, ERO issued a subpoena to OPSO requesting that the subject be produced as a witness in this immigration enforcement investigation. This subpoena also requested any identification documents in OPSO's custody related to the subject.

27. This subpoena was served on OPSO as indicated on the service copy that is Exhibit 1 to this declaration.

28. On December 23, 2025, ERO issued another subpoena to OPSO further clarifying the documentation sought, as described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as Exhibit 2 to this declaration.

29. To date, no response has been received to these subpoenas.

30. OPSO's policy on "Immigration and Customs Enforcement (ICE) Procedures" states pertinently:

2.    The Orleans Parish Sheriff's Office shall decline all voluntary ICE detainer requests unless the individual's charge is for one or more of the following offenses: First Degree Murder (La. R.S. 14:30); Second Degree Murder (La. R.S. 14:30.1); Aggravated Rape (La. R.S. 14:42); Aggravated Kidnapping (La. R.S. 14:44); Treason (La. R.S. 14:113); or Armed Robbery with Use of a Firearm (La. R.S. 14:64.3). If a court later dismisses or reduces the individual's charge such that the individual is no longer charged with one of the above offenses or the court recommends declining the ICE hold request, OPSO will decline the ICE hold request on that individual.

*See* Exhibit 24 (OPSO Policy on Immigration and Customs Enforcement (ICE) Procedures).

31. Thus, by failing to produce the witness or any documents responsive to ERO's subpoenas for this criminal alien with a pending charge of La. R.S. 14:64.3 (armed robbery with a firearm), OPSO has violated its own policy.

### Alien 2 – Armindio Jose Castillo-Aguilera

32. This subject is in Orleans Parish custody for a violation of La. R.S. 14:32 (negligent homicide) and 14:99 (reckless operation of a motor vehicle), for which ERO issued a request for advanced notification of release on March 30, 2025.

33. On October 17, 2025, ERO issued a subpoena to OPSO requesting that the subject be produced as a witness in this immigration enforcement investigation. This subpoena also requested any identification documents in OPSO's custody related to the subject.

34. This subpoena was served on OPSO as indicated on the service copy that is <u>Exhibit 3</u> to this declaration.

35. On December 23, 2025, ERO issued another subpoena to OPSO further clarifying the documentation sought, as described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as <u>Exhibit 4</u> to this declaration.

36. To date, no response has been received to this subpoena.

### Alien 3 – Eric Arzu-Gamboa

37. On or about July 3, 2025, ERO was notified that this subject was in Orleans Parish Sheriff's Office Custody for multiple felony domestic violence charges, for which ERO issued a detainer on July 3, 2025.

38. On November 5, 2025, ERO issued a subpoena to OPSO requesting that the subject be produced as a witness in this immigration enforcement investigation. This subpoena also requested any identification documents in OPSO's custody related to the subject.

39. This subpoena was served on OPSO as indicated on the service copy that is <u>Exhibit 5</u> to this declaration.

40. On December 23, 2025, ERO issued another subpoena to OPSO further clarifying the documentation sought, as described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as <u>Exhibit 6</u> to this declaration.

41. To date, no response has been received to this subpoena.

### Alien 4 – Hilda Vasquez-Mateo

42. ERO has a history of OPSO not honoring detainers on this subject. On or about February 21, 2014, this subject was arrested for La. R.S. 14:93.2.3 (second degree cruelty to

juveniles). A detainer was placed on the subject by ERO in 2014 but was refused by OPSO. On or about June 27, 2014, the subject pleaded guilty to La. R.S. 14:93 (cruelty to juveniles).

43. This alien has a final order of removal dated June 6, 2022.

44. The subject is in OPSO custody on the charges of La. R.S. 14:32 (negligent homicide) and La. R.S. 14:93.2.3 (second degree cruelty to juveniles).

45. On September 7, 2025, ERO placed a detainer on the subject.

46. On November 5, 2025, ERO issued a subpoena to OPSO requesting that the subject be produced as a witness in this immigration enforcement investigation. This subpoena also requested any identification documents in OPSO's custody related to the subject. This subpoena was served on OPSO as indicated on the service copy that is Exhibit 7 to this declaration.

47. On December 23, 2025, ERO issued another subpoena to OPSO further clarifying the documentation sought, as described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as Exhibit 8 to this declaration.

48. To date, no response has been received to this subpoena.

**Alien 5 – Jose Velez-Hernandez**

49. On or about June 10, 2025, this subject entered OPSO custody charged with La. R.S. 14:24:64 (principal to armed robbery).

50. On July 4, 2025, ERO placed a detainer on the subject.

51. On November 5, 2025, ERO issued a subpoena to OPSO requesting that the subject be produced as a witness in this immigration enforcement investigation and any

identification documents in OPSO's custody related to the subject. This subpoena was served on OPSO as indicated on the service copy that is Exhibit 9 to this declaration.

52. On December 23, 2025, ERO issued another subpoena to OPSO further clarifying the documentation sought, as described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as Exhibit 10 to this declaration.

53. To date, no response has been received to this subpoena.

### Alien 6 – Teony Umanzor-Juarez

54. On or about December 4, 2024, this subject went into OPSO custody for La. R.S. 14:64 (armed robbery), La. R.S. 14:64.3 (attempted armed robbery with a firearm), La. R.S. 14:37.4 (aggravated assault with a firearm), and La. R.S. 14:94 (illegally use a weapon/dangerous instrumentality). A further review of Orleans Criminal Court records reflects that the subject is in OPSO custody with two pending charges of La. R.S. 14:64.3 (armed robbery with a firearm) and a pending charge of 14:31 (manslaughter) under Case No. 565278, and two pending charges of La. R.S. 14:64.3 (armed robbery with a firearm) under Case No. 566345.

55. On December 4, 2024, ERO issued a detainer for this subject.

56. On November 5, 2025, ERO issued a subpoena to OPSO requesting that the subject be produced as a witness in this immigration enforcement investigation and any identification documents in OPSO's custody related to the subject. This subpoena was served on OPSO as indicated on the service copy that is Exhibit 11 to this declaration.

57. On December 23, 2025, ERO issued another subpoena to OPSO further clarifying the documentation sought, as described in Paragraph 20, above. This subpoena set a

deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as Exhibit 12 to this declaration.

58. To date, no response has been received to this subpoena.

59. As recited in Paragraph 30, above, OPSO's own policy provides for cooperating with ICE for aliens with certain charges. *See* Exhibit 24.

60. Thus, by failing to provide the witness or any information responsive to ERO's subpoenas for this criminal alien with four pending charges of La. R.S. 14:64.3 (armed robbery with a firearm), OPSO has violated its own policy.

### Alien 7 – Jose Portillo-Gifaro

61. On or about November 14, 2025, this subject went into OPSO custody for, *inter alia*, La. R.S. 14:34 (aggravated battery with a dangerous weapon).

62. On November 14, 2025, ERO issued a detainer for this subject.

63. On or about November 18, 2025, it is believed that this alien was released from OPSO custody on bond.

64. On December 23, 2025, ERO issued a subpoena to OPSO seeking the information described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as Exhibit 13 to this declaration.

65. To date, no response has been provided to this subpoena.

### Alien 8 – William Cahuec-Ramos

66. On or about November 16, 2025, and November 30, 2025, this subject went into OPSO custody for, *inter alia*, the charge of public drunkenness, interfering with a lawful investigation, and lewd conduct.

67. On the same dates in Paragraph 66, above, ERO issued detainers for this subject.

68. On December 23, 2025, ERO issued a subpoena to OPSO seeking the information described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as Exhibit 14 to this declaration.

69. To date, no response has been provided to this subpoena.

**Alien 9 – Keynor Joel Velasquez-Cordova**

70. On or about November 14, 2025, this subject went into OPSO custody for the charge of 14:35.3 (domestic abuse battery (three counts)), 14:62.3 (unauthorized entry of an inhabited dwelling), and La. R.S. 14:37.7 (domestic abuse aggravated assault).

71. On November 25, 2025, ERO issued a detainer on the subject.

72. On or about December 4, 2025, it is believed that this alien was released from OPSO custody on bond.

73. On December 23, 2025, ERO issued a subpoena to OPSO seeking the information described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as Exhibit 15 to this declaration.

74. To date, no response has been provided to this subpoena.

**SUBPOENAS FOR LISTS OF SUSPECTED ALIENS IN OPSO CUSTODY**

75. In the months of November 2025 through January 2026, ERO issued subpoenas for lists for inmates in OPSO custody who have failed to provide verifiable identify documents that correspond with lawful presence in the United States.

76. The rationale for requesting a roster of inmates from OPSO is to ascertain the identities of potential aliens in their custody who have not yet been encountered by immigration officials.

77. As is a general practice for any law enforcement agency such as OPSO, jails or arresting agencies typically ask arrestees to identify themselves, provide identification card(s), and provide basic biographical information, such as a location of birth and social security number.

78. By asking OPSO to identify individuals who may be aliens, ERO is seeking information about detainees whose immigration status is unknown to us for purposes of further potential investigation.

79. With these subpoenas for lists, ERO has requested each suspected alien inmate's name, date of birth, demographic information, address, FBI number (if applicable), driver's license number (if applicable), state identification card number (if applicable), and passport numbers (if available).

80. On November 18, 2025, ERO issued one such subpoena, which was served on the OPSO on the same date. This subpoena ordered a response on or before November 24, 2025, at 5:00 PM CST. *See* Exhibit 16.

81. On November 25, 2025, ERO issued another such subpoena, which was served on the OPSO on November 26, 2025. This subpoena ordered a response on or before December 1, 2025, at 5:00 PM CST. *See* Exhibit 17.

82. Moreover, on December 1, 2025, ERO issued another such subpoena, which was served on the OPSO on December 2, 2025. This subpoena ordered a response on or before December 8, 2025, at 5:00 PM CST. *See* Exhibit 18.

83. On December 30, 2025, ERO issued a subpoena for a list of alien inmates, which sought the information listed in prior subpoenas described in Paragraphs 75 through 79, above, but also sought, for each potential alien inmate, "documents describing the charge related to the subject's detention in the Orleans Parish Prison including arrest report or 'gist,' booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents." This subpoena was served on the OPSO on December 31, 2025. This subpoena required a response on or before January 6, 2026, at 5:00 PM CST. *See* Exhibit 19.

84. Moreover, on January 7, 2026, ERO issued another such subpoena using the language described in Paragraph 83, above, which was served on the OPSO on January 8, 2026. This subpoena required a response on or before January 14, 2026, at 5:00 PM CST. *See* Exhibit 20.

85. ERO issued serial subpoena requests to OPSO for this information because OPSO's inmates lists would likely change day-to-day, and week-to-week.

86. To date, ERO has not received the information requested in these subpoenas for lists of inmates in OPSO custody who have failed to provide verifiable identify documents that correspond with lawful presence in the United States.

**OPSO FAILURE TO COMPLY WITH SUBPOENAS**

87. On or about December 1, 2025, I sent a letter to OPSO outlining the subpoenas issued through that date, the relevant deadlines, and requesting their compliance. In this letter, as a sign of good faith, I asked that OPSO have a representative contact me on or before Monday, December 8, 2025, by the 5 PM to discuss a plan for obtaining the vital information requested from them via the subject subpoenas. *See* Exhibit 21 (internal attachments omitted).

88. Sometime around December 8, 2025, I was contacted by an attorney for OPSO, Tracey Comeaux, in response to the letter for a discussion on the sought subpoenas. Mr. Comeaux was referred to the Office of the Principal Legal Advisor (OPLA), the legal representative of all components of ICE, including ERO, regarding the scheduling of this meeting. A meeting was set for January 7, 2026, via Zoom.

89. In the meantime, ERO issued and served the December 23 subpoenas to OPSO. *See* Exhibits 2, 4, 6, 8, 10, 12, 13-15. As these subpoenas were served on OPSO, OPLA emailed OPSO's counsel, Mr. Comeaux advising that ERO had served nine additional subpoenas, six of which involved the same subjects of subpoenas issued in October 2025 and November 2025. In this email, OPLA explained that these subpoenas further elaborated on the documents sought by ERO and, should no response be received to these subpoenas by the stated deadline of January 2, 2026, that this lack of compliance would be taken up at the meeting scheduled on January 7, 2026.

90. At the meeting on January 7, 2026, I met with representatives from OPSO, Tracey Comeaux and John Williams, via Zoom. During this meeting, OPSO indicated that they believed they were bound by their policy adopted in a consent decree to settle the *Cacho v. Gusman* litigation, which prohibited their compliance with ERO's subpoenas. *See* Paragraph 30 and Exhibit 24. OPSO was told that they had until the close of business on January 9, 2026, to comply with the subpoenas issued to them by ERO or that we would seek enforcement action via the United States Attorney's Office, which was memorialized in my email sent to OPSO on January 8, 2026, attached as Exhibit 22. On behalf of OPSO, Mr. Williams acknowledged my email. *See* Exhibit 23.

91. To date, ERO has not received any witnesses or documents that are responsive to the subpoenas described in the foregoing paragraphs.

92. OPSO's failure to cooperate with our subpoena efforts for a list of alien inmates, commanding the presence of certain individuals as witnesses in their immigration cases, and the documents that would be vital to our continued investigations of these aliens, is a significant impediment to our agency's work enforcing the immigration laws of the United States and is a threat to public safety.

93. This declaration is based upon my personal and professional knowledge, information obtained from other individuals employed by ICE, and information obtained from various records and systems maintained by DHS. I provide this declaration based on the best of my knowledge, information, belief, and reasonable inquiry for the above captioned case.

94. Pursuant to 28 U.S.C Section 1746, I declare under penalty of perjury under the laws of the United States that the foregoing true and correct.

Executed on this 16th day of January, 2026.

BRIAN S ACUNA
Digitally signed by BRIAN S ACUNA
Date: 2026.01.16 14:46:49 -06'00'

Brian S. Acuna
Deputy Field Office Director
Enforcement and Removal Operations, New Orleans, Louisiana

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce**<br>**Records** 8 U.S.C. § 1225(d),<br>8 C.F.R. § 287.4 |

**SUBPOENA NUMBER:**

In Reference To:

Jose Fernando ARZU-Osorto

(Title of Proceeding)

A█████████

(File Number, if applicable)

**2. WITNESS FOR PRODUCTION**

Jose Fernando ARZU-Osorto

NAME

FBI#█████████

SUBJECT ID

█████████

DATE OF BIRTH

A█████████

FILE NO.

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO** produce the witness identified in Section 2, as early as practicable (at least 48 hours, if possible) before the individual is scheduled for release from your custody, above, based upon the following:

It has been determined that _Jose Fernando ARZU-Osorto_ may possess material and relevant information relating to the enforcement of Title 8, Chapter 12, of the U.S. Code, and to the administration of U.S. Immigration and Customs Enforcement. Accordingly, under 8 U.S.C. § 1225(d)(4)(A), the attendance and testimony of _Jose Fernando ARZU-Osorto_ is required due to his/her connection to an investigation or inquiry relating to the enforcement of U.S. immigration laws. The production of _Jose Fernando ARZU-Osorto_ shall be made in accordance with Section 3 below, titled, "Manner of Producing Witness." Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

**3. MANNER OF PRODUCING WITNESS**

The witness must be brought to the New Orleans office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, located at █████████████████████████ as early as practicable (at least 48 hours, if possible) before the individual is released from your custody. The witness must be brought between the hours of 8 a.m. and 4 p.m., Central Standard Time. You must provide at least 48 hours' notice before providing the witness.

In lieu of bringing the witness to the location listed above, you may arrange for an immigration officer to receive the witness directly from the facility where the witness will be released from your custody. To make such an arrangement, you must provide at least 48 hours' notice. Notice should be provided to:

Contact Name: SDDO█████████

Telephone: █████████

Email: █████████@ice.dhs.gov

Page 1 of 3

Ex. A-1

4. Records required to be produced for inspection:

Identification documents related to ▮▮▮▮

5. Authorized Official

▮▮▮▮▮▮▮▮

(Signature)

R. ▮▮▮▮▮▮

(Printed Name)

Assistant Field Office Director

(Title)

October 17, 2025

(Date)

If you have any questions regarding this subpoena, contact the ICE Official identified in Block 3.

**Notice:** If the individual may be the victim of a crime or you want the individual to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on _10/17/2025_ , I served this subpoena on the witness named in Block 1 in the following manner:

(Date)

_In Person_

(Details of how service was effected)

_____

(Signature of Official Serving Subpoena)

_____

(Printed Name of Official Serving Subpoena)

_SDDO_

(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

Title

_Deputy_

Date _10/17/2025_ _11:25_

Time _11:25_ ☐ a.m. ☐ p.m.

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT**<br>**SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

| Subpoena Number | |
|---|---|

| 2. In Reference To | |
|---|---|
| ARZU-OSORTO, JOSE FERNANDO | A# ▮▮▮▮▮▮▮ |
| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ☑ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ▮▮▮▮▮▮ ▮▮▮▮▮▮/@ice.dhs.gov) | 01/02/2026 |
| Title   Assistant Field Office Director | |
| Address ▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮ | (C) Time  04:30   ☐ a.m. ☑ p.m. |
| Telephone Number ▮▮▮▮▮▮▮▮ | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for ARZU-OSORTO, JOSE FERNANDO: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to ARZU-OSORTO, JOSE FERNANDO's detention in the Orleans Parish Prison on 5/29/2025 for the charge of armed robbery, under Booking Number ▮▮▮▮▮▮▮ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| | ▮▮▮▮▮▮▮▮▮▮  Digitally signed by ▮▮▮▮▮▮<br>Date: 2025.12.22 13:30:41 -06'00' |
| | (Signature) |
| | ▮▮▮▮▮▮▮▮ |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Printed Name) |
| | Deputy Field Office Director |
| | (Title) |
| | 12/22/2025 |
| | (Date) |

DHS Form I-138 (6/09)

<span style="color:red">Ex. A-2</span>

# CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

## A. CERTIFICATE OF SERVICE

I certify that on ___12/23/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

___in person___

(Details of how service was effected)

___(Signature of Official Serving Subpoena)___

___(Printed Name of Official Serving Subpoena)___

___Deportation Officer___
(Title of Official Serving Subpoena)

## B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature ___Sierra Hilliard___

| Title | Date | Time |
|---|---|---|
| Paralegal | | ☐ a.m. ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce**<br>**Records** 8 U.S.C. § 1225(d),<br>8 C.F.R. § 287.4 |

**SUBPOENA NUMBER:**

In Reference To:

Armindio Jose CASTILLO-Aguilera
_____
(Title of Proceeding)

A▬▬▬▬
_____
(File Number, if applicable)

**2. WITNESS FOR PRODUCTION**

Armindio Jose CASTILLO-Aguilera
_____
NAME

FBI#: ▬▬▬▬
_____
SUBJECT ID

▬▬▬▬
_____
DATE OF BIRTH

A▬▬▬▬
_____
FILE NO.

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO** produce the witness identified in Section 2, as early as practicable (at least 48 hours, if possible) before the individual is scheduled for release from your custody, above, based upon the following:

It has been determined that _Armindio Jose CASTILLO-Aguilera_ may possess material and relevant information relating to the enforcement of Title 8, Chapter 12, of the U.S. Code, and to the administration of U.S. Immigration and Customs Enforcement. Accordingly, under 8 U.S.C. § 1225(d)(4)(A), the attendance and testimony of _Armindio Jose CASTILLO-Aguilera_ is required due to his/her connection to an investigation or inquiry relating to the enforcement of U.S. immigration laws. The production of _Armindio Jose CASTILLO-Aguilera_ shall be made in accordance with Section 3 below, titled, "Manner of Producing Witness." Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

**3. MANNER OF PRODUCING WITNESS**

The witness must be brought to the New Orleans office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, located at ▬▬▬▬▬▬▬▬▬▬ as early as practicable (at least 48 hours, if possible) before the individual is released from your custody. The witness must be brought between the hours of 8 a.m. and 4 p.m., Central Standard Time. You must provide at least 48 hours' notice before providing the witness.

In lieu of bringing the witness to the location listed above, you may arrange for an immigration officer to receive the witness directly from the facility where the witness will be released from your custody. To make such an arrangement, you must provide at least 48 hours' notice. Notice should be provided to:

Contact Name: SDDO ▬▬▬▬

Telephone: ▬▬▬▬

Email: ▬▬▬▬@ice.dhs.gov

Ex. A-3

4. Records required to be produced for inspection:
Identification documents related to CASTILLO.



5. Authorized Official

████████████

(Signature)

████████████

(Printed Name)

Assistant Field Office Director

(Title)

October 17, 2025

(Date)

If you have any questions regarding this subpoena, contact the ICE Official identified in Block 3.

**Notice**: If the individual may be the victim of a crime or you want the individual to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on _10/17/2025_ , I served this subpoena on the witness named in Block 1 in the following manner:

(Date)

_In Person_

(Details of how service was effected)

_____

(Signature of Official Serving Subpoena)

_____

(Printed Name of Official Serving Subpoena)

_SDDO_

(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

Title

Deputy

| Date | Time |
|------|------|
| 10/17/2025 | 11:25 ☒ a.m. p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|

1. To (Name, Address, City, State, Zip Code)
Jeworski "Jay" Mallett, Deputy Chief of Corrections
Orleans Parish Sheriff's Office
2800 Perdido Street
New Orleans, Louisiana 70119

DEPARTMENT OF HOMELAND SECURITY

**IMMIGRATION ENFORCEMENT
SUBPOENA**
to Appear and/or Produce Records
8 U.S.C. § 1225(d), 8 C.F.R. § 287.4

Subpoena Number

2. In Reference To

CASTILLO-AGUILERA, ARMINDIO JOSE

(Title of Proceeding)

A#

(File Number, if Applicable)

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ■ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ▓▓▓▓▓▓ ▓▓▓▓▓▓ /@ice.dhs.gov) | 01/02/2026 |
| Title     Assistant Field Office Director | |
| Address ▓▓▓▓▓▓▓▓▓▓ | (C) Time  04:30    ☐ a.m. ■ p.m. |
| Telephone Number ▓▓▓▓ | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for CASTILLO-AGUILERA, ARMINDIO JOSE: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to CASTILLO-AGUILERA, ARMINDIO JOSE's detention in the Orleans Parish Prison on 3/29/2025 for the charge of NEGLIGENT HOMICIDE and RECKLESS OPERATION OF A VEHICLE under Booking Number ▓▓▓▓▓▓▓ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.



5. Authorized Official

Digitally signed by ▓▓▓▓▓
Date: 2025.12.22 13:29:43 -06:00

(Signature)

(Printed Name)
Deputy Field Office Director

(Title)

12/22/2025

(Date)

| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. |
|---|

DHS Form I-138 (6/09)

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

### A. CERTIFICATE OF SERVICE

I certify that on  _1/23/2025_  , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

_in person_

etails of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

_Deportation Officer_
(Title of Official Serving Subpoena)

### B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

| Signature _Sierra Hilliard_ | | |
|---|---|---|
| Title _Paralegal_ | Date | Time  ☐ a.m.  ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce**<br>**Records** 8 U.S.C. § 1225(d),<br>8 C.F.R. § 287.4 |

**SUBPOENA NUMBER:**

In Reference To:

ERIC ARZU-GAMBOA

A▮▮▮▮▮▮

| (Title of Proceeding) | (File Number, if applicable) |
|---|---|

**2. WITNESS FOR PRODUCTION**

ERIC ARZU-GAMBOA

▮▮▮▮▮▮

| NAME | DATE OF BIRTH |
|---|---|

FBI#: ▮▮▮▮

A▮▮▮▮▮▮

| SUBJECT ID | FILE NO. |
|---|---|

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO** produce the witness identified in Section 2, as early as practicable (at least 48 hours, if possible) before the individual is scheduled for release from your custody, above, based upon the following:

It has been determined that ERIC ARZU-GAMBOA may possess material and relevant information relating to the enforcement of Title 8, Chapter 12, of the U.S. Code, and to the administration of U.S. Immigration and Customs Enforcement. Accordingly, under 8 U.S.C. § 1225(d)(4)(A), the attendance and testimony of ERIC ARZU-GAMBOA is required due to his/her connection to an investigation or inquiry relating to the enforcement of U.S. immigration laws. The production of ERIC ARZU-GAMBOA shall be made in accordance with Section 3 below, titled, "Manner of Producing Witness." Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

**3. MANNER OF PRODUCING WITNESS**

The witness must be brought to the New Orleans office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as early as practicable (at least 48 hours, if possible) before the individual is released from your custody. The witness must be brought between the hours of 8 a.m. and 4 p.m., Central Standard Time. You must provide at least 48 hours' notice before providing the witness.

In lieu of bringing the witness to the location listed above, you may arrange for an immigration officer to receive the witness directly from the facility where the witness will be released from your custody. To make such an arrangement, you must provide at least 48 hours' notice. Notice should be provided to:

Contact Name: ▮▮▮▮▮▮ Deportation Officer

Telephone: ▮▮▮▮▮

Email: ▮▮▮▮▮@ice.dhs.gov

Ex. A-5

4. Records required to be produced for inspection:
Identification documents related to Witness



5. Authorized Official

████████████████
(Signature)

████████████████
(Printed Name)

AFOD
(Title)

11/5/25
(Date)

If you have any questions regarding this subpoena, contact the ICE Official identified in Block 3.

**Notice**: If the individual may be the victim of a crime or you want the individual to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

**CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT**

| A. CERTIFICATE OF SERVICE |
| --- |

I certify that on _____11/5/2025_____ , I served this subpoena on the witness named in Block 1 in the following manner:

(Date)

In person

_____ (Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

Deportation Officer
(Title of Official Serving Subpoena)

| B. ACKNOWLEDGMENT OF RECEIPT |
| --- |

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature
S Hiler

| Title | Date | Time |
| --- | --- | --- |
| Paralegal | 10/05/25 | 11:37 ☐ a.m. ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|

1. To (Name, Address, City, State, Zip Code)

Jeworski "Jay" Mallett, Deputy Chief of Corrections
Orleans Parish Sheriff's Office
2800 Perdido Street
New Orleans, Louisiana 70119

DEPARTMENT OF HOMELAND SECURITY

**IMMIGRATION ENFORCEMENT
SUBPOENA**

**to Appear and/or Produce Records**
8 U.S.C. § 1225(d), 8 C.F.R. § 287.4

Subpoena Number

2. In Reference To

ARZU-GAMBOA, ERIC

A#

(Title of Proceeding)                                   (File Number, if Applicable)

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ☑ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ▮▮▮▮▮▮▮▮▮▮▮/@ice.dhs.gov) | 01/02/2026 |
| Title    Assistant Field Office Director | |
| Address ▮▮▮▮▮▮▮▮▮▮▮ | (C) Time 04:30    ☐ a.m. ☑ p.m. |
| Telephone Number ▮▮▮▮▮▮ | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for ARZU-GAMBOA, ERIC: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to ARZU-GAMBOA, ERIC's detention in the Orleans Parish Prison on or about 11/11/2024 for the charge of violation of a protective order, bench warrant for domestic abuse aggravated assault charges, and stalking, under Booking Number ▮▮▮▮▮ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| [DHS seal] | Digitally signed by ▮▮▮▮▮ Date: 2025.12.22 13:27:39 -06'00' |
| | (Signature) |
| | ▮▮▮▮▮ |
| | (Printed Name) |
| | Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Title) |
| | 12/22/2025 |
| | (Date) |

DHS Form I-138 (6/09)

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

### A. CERTIFICATE OF SERVICE

I certify that on  12/23/2025  , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

In person

_____ (Details of how service was effected)

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(Signature of Official Serving Subpoena)

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(Printed Name of Official Serving Subpoena)

D.O.

(Title of Official Serving Subpoena)

### B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

Sierra Hilliard

| Title | Date | Time |
|---|---|---|
| Paralegal | | ☐ a.m. ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce**<br>**Records** 8 U.S.C. § 1225(d),<br>8 C.F.R. § 287.4 |

**SUBPOENA NUMBER:**

In Reference To:

HILDA VASQUEZ-MATEO                                    A■■■■■■

(Title of Proceeding)                                    (File Number, if applicable)

**2. WITNESS FOR PRODUCTION**

HILDA VASQUEZ-MATEO                                    ■■■■■■

NAME                                                    DATE OF BIRTH

FBI#:■■■■                                                A■■■■■■

SUBJECT ID                                              FILE NO.

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO** produce the witness identified in Section 2, as early as practicable (at least 48 hours, if possible) before the individual is scheduled for release from your custody, above, based upon the following:

It has been determined that  HILDA VASQUEZ-MATEO          may possess material and relevant information relating to the enforcement of Title 8, Chapter 12, of the U.S. Code, and to the administration of U.S. Immigration and Customs Enforcement. Accordingly, under 8 U.S.C. § 1225(d)(4)(A), the attendance and testimony of  HILDA VASQUEZ-MATEO          is required due to his/her connection to an investigation or inquiry relating to the enforcement of U.S. immigration laws. The production of  HILDA VASQUEZ-MATEO          shall be made in accordance with Section 3 below, titled, "Manner of Producing Witness." Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

**3. MANNER OF PRODUCING WITNESS**

The witness must be brought to the New Orleans office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, located at ■■■■■■■■■■■■■■■■■■■ as early as practicable (at least 48 hours, if possible) before the individual is released from your custody. The witness must be brought between the hours of 8 a.m. and 4 p.m., Central Standard Time. You must provide at least 48 hours' notice before providing the witness.

In lieu of bringing the witness to the location listed above, you may arrange for an immigration officer to receive the witness directly from the facility where the witness will be released from your custody. To make such an arrangement, you must provide at least 48 hours' notice. Notice should be provided to:

Contact Name: ■■■■■■■, Deportation Officer

Telephone: ■■■■■■■

Email: ■■■■■■@ice.dhs.gov

Page 1 of 3

Ex. A-7

4. Records required to be produced for inspection:
Identification documents related to Witness



5. Authorized Official

███████████████

(Signature)

███████████████

(Printed Name)
A.FOD

If you have any questions regarding
this subpoena, contact the ICE
Official identified in Block 3.

(Title)
11/5/25

(Date)

**Notice:** If the individual may be the victim of a crime or you want the individual to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

**CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT**

| A. CERTIFICATE OF SERVICE |
|---|

I certify that on ___11|5|7075___ , I served this subpoena on the witness named in Block 1 in the following manner:

(Date)

In person

(Details of how service was effected)

▮▮▮▮▮▮▮▮

(Signature of Official Serving Subpoena)

▮▮▮▮▮▮▮▮

(Printed Name of Official Serving Subpoena)

Departation Officer

(Title of Official Serving Subpoena)

| B. ACKNOWLEDGMENT OF RECEIPT |
|---|

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

| Title | Date | Time |
|---|---|---|
| Paralegal | 10/5/25 | 11:38 a.m./p.m. |

Page 3 of 3

| 1. To (Name, Address, City, State, Zip Code) Jeworski "Jay" Mallett, Deputy Chief of Corrections Orleans Parish Sheriff's Office 2800 Perdido Street New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY **IMMIGRATION ENFORCEMENT SUBPOENA** **to Appear and/or Produce Records** 8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |
|---|---|

| Subpoena Number | |

| 2. In Reference To | |
|---|---|
| VASQUEZ-MATEO, HILDA | A# |
| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ■ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ( @ice.dhs.gov) | 01/02/2026 |
| Title **Assistant Field Office Director** | |
| Address | (C) Time 04:30  ☐ a.m. ■ p.m. |
| Telephone Number | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for VASQUEZ-MATEO, HILDA home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to VASQUEZ-MATEO, HILDA's detention in the Orleans Parish Prison on or about 9/7/2025 for the charge of NEGLIGENT HOMICIDE and SECOND DEGREE CRUELTY TO JUVENILES, under Booking Number including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| | Digitally signed by Date: 2025.12.22 13:28:43 -06'00' |
| | (Signature) |
| | (Printed Name) |
| | Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Title) |
| | 12/22/2025 |
| | (Date) |

DHS Form I-138 (6/09)

**Ex. A-8**

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on ___12/23/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

In person

_____
(Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

Deportation Officer
(Title of Official Serving Subpoena)

---

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature      Sierra Hilliard

| Title  Paralegal | Date | Time ☐ a.m. ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce Records** 8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

**SUBPOENA NUMBER:**

In Reference To:

JOSE VELEZ-HERNANDEZ
_____
(Title of Proceeding)

A▓▓▓▓▓▓
_____
(File Number, if applicable)

**2. WITNESS FOR PRODUCTION**

JOSE VELEZ-HERNANDEZ
_____
**NAME**
FBI# ▓▓▓▓
_____
**SUBJECT ID**

▓▓▓▓
_____
**DATE OF BIRTH**
A▓▓▓▓
_____
**FILE NO.**

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO** produce the witness identified in Section 2, as early as practicable (at least 48 hours, if possible) before the individual is scheduled for release from your custody, above, based upon the following:

It has been determined that JOSE VELEZ-HERNANDEZ _____ may possess material and relevant information relating to the enforcement of Title 8, Chapter 12, of the U.S. Code, and to the administration of U.S. Immigration and Customs Enforcement. Accordingly, under 8 U.S.C. § 1225(d)(4)(A), the attendance and testimony of JOSE VELEZ-HERNANDEZ _____ is required due to his/her connection to an investigation or inquiry relating to the enforcement of U.S. immigration laws. The production of JOSE VELEZ-HERNANDEZ _____ shall be made in accordance with Section 3 below, titled, "Manner of Producing Witness." Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

**3. MANNER OF PRODUCING WITNESS**

The witness must be brought to the New Orleans office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, located at ▓▓▓▓▓▓▓▓▓▓▓▓ as early as practicable (at least 48 hours, if possible) before the individual is released from your custody. The witness must be brought between the hours of 8 a.m. and 4 p.m., Central Standard Time. You must provide at least 48 hours' notice before providing the witness.

In lieu of bringing the witness to the location listed above, you may arrange for an immigration officer to receive the witness directly from the facility where the witness will be released from your custody. To make such an arrangement, you must provide at least 48 hours' notice. Notice should be provided to:

Contact Name: ▓▓▓▓▓▓▓, Deportation Officer

Telephone: ▓▓▓▓▓

Email: ▓▓▓▓▓@ice.dhs.gov

Page 1 of 3

Ex. A-9

| 4. Records required to be produced for inspection: |
| Identification documents related to Witness |

| | 5. Authorized Official |
| DEPARTMENT OF HOMELAND SECURITY seal | ████████████ |
| | (Signature) |
| | ████████████ |
| | (Printed Name) |
| If you have any questions regarding | AFOD |
| this subpoena, contact the ICE | (Title) |
| Official identified in Block 3. | 11 5 25 |
| | (Date) |

**Notice:** If the individual may be the victim of a crime or you want the individual to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

# CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

---

**A. CERTIFICATE OF SERVICE**

I certify that on _____11/5/2025_____ , I served this subpoena on the witness named in Block 1 in the following manner:

(Date)

In person

tails of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

Deportation Officer
(Title of Official Serving Subpoena)

---

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature  *S. Hill*

| Title | Date | Time |
|---|---|---|
| Paralegal | 11/5/25 | 11:36  ☐ a.m. ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code)<br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY<br><br>**IMMIGRATION ENFORCEMENT**<br>**SUBPOENA**<br>to Appear and/or Produce Records<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |
|---|---|

Subpoena Number

2. In Reference To

VELEZ-HERNANDEZ, JOSE                                      A#

| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ■ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name                                        /@ice.dhs.gov)<br>Title    **Assistant Field Office Director** | 01/02/2026 |
| Address | (C) Time 04:30   ☐ a.m. ■ p.m. |
| Telephone Number | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for VELEZ-HERNANDEZ, JOSE: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to VELEZ-HERNANDEZ, JOSE's detention in the Orleans Parish Prison on 6/10/2025 for the charge of PRINCIPAL ARMED ROBBERY, under Booking Number ▮▮▮▮ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| | Digitally signed by<br>Date: 2025.12.22 13:25:52 -06'00' |
| | (Signature) |
| | (Printed Name) |
| | Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Title) |
| | 12/22/2025 |
| | (Date) |

DHS Form I-138 (6/09)

**Ex. A-10**

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on ___12/23/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

In-person

_____
(Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

D. O.
_____
(Title of Official Serving Subpoena)

---

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature    Sierra Hilliard

| Title | Date | Time |
|---|---|---|
| Paralegal | | ☐ a.m. ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce**<br>**Records** 8 U.S.C. § 1225(d),<br>8 C.F.R. § 287.4 |

**SUBPOENA NUMBER:**

In Reference To:

TEONY UMANZOR-JUAREZ

(Title of Proceeding)

A▬▬▬▬

(File Number, if applicable)

**2. WITNESS FOR PRODUCTION**

TEONY UMANZOR-JUAREZ

**NAME**

FBI#▬▬▬▬

**SUBJECT ID**

▬▬▬▬

**DATE OF BIRTH**

A▬▬▬▬

**FILE NO.**

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO** produce the witness identified in Section 2, as early as practicable (at least 48 hours, if possible) before the individual is scheduled for release from your custody, above, based upon the following:

It has been determined that TEONY UMANZOR-JUAREZ may possess material and relevant information relating to the enforcement of Title 8, Chapter 12, of the U.S. Code, and to the administration of U.S. Immigration and Customs Enforcement. Accordingly, under 8 U.S.C. § 1225(d)(4)(A), the attendance and testimony of TEONY UMANZOR-JUAREZ is required due to his/her connection to an investigation or inquiry relating to the enforcement of U.S. immigration laws. The production of TEONY UMANZOR-JUAREZ shall be made in accordance with Section 3 below, titled, "Manner of Producing Witness." Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

**3. MANNER OF PRODUCING WITNESS**

The witness must be brought to the New Orleans office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, located at ▬▬▬▬, ▬▬▬▬ as early as practicable (at least 48 hours, if possible) before the individual is released from your custody. The witness must be brought between the hours of 8 a.m. and 4 p.m., Central Standard Time. You must provide at least 48 hours' notice before providing the witness.

In lieu of bringing the witness to the location listed above, you may arrange for an immigration officer to receive the witness directly from the facility where the witness will be released from your custody. To make such an arrangement, you must provide at least 48 hours' notice. Notice should be provided to:

Contact Name: ▬▬▬▬ Deportation Officer

Telephone ▬▬▬▬

Email: ▬▬▬▬@ice.dhs.gov

Page 1 of 3

Ex. A-11

4. Records required to be produced for inspection:
Identification documents related to Witness

5. Authorized Official

██████████

~~(Signature)~~

(Printed Name)

AFOD

(Title)

11/5/25

(Date)

If you have any questions regarding this subpoena, contact the ICE Official identified in Block 3.

**Notice**: If the individual may be the victim of a crime or you want the individual to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

| A. CERTIFICATE OF SERVICE |
|---|

I certify that on    11/5/2025   , I served this subpoena on the witness named in Block 1 in the following manner:

(Date)

In person

(Details of how service was effected)

�altaic▮▮▮▮▮▮▮▮▮▮▮▮▮

(Signature of Official Serving Subpoena)

▮▮▮▮▮▮▮▮

(Printed Name of Official Serving Subpoena)

Departation Officer

(Title of Official Serving Subpoena)

| B. ACKNOWLEDGMENT OF RECEIPT |
|---|

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

| Title | Date | Time |
|---|---|---|
| Parolegen | 11/5/25 | 11:38 ☐ a.m ☑ p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT**<br>**SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

2. In Reference To

UMANZOR-JUAREZ, TEONY                                          A#

(Title of Proceeding)                                          (File Number, if Applicable)

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ☑ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name | 01/02/2026 |
| Title     Assistant Field Office Director | |
| Address | (C) Time  04:30    ☐ a.m. ☑ p.m. |
| Telephone Number | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for UMANZOR-JUAREZ, TEONY: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to UMANZOR-JUAREZ, TEONY's detention in the Orleans Parish Prison on 12/4/2024 for the charge of armed robbery, armed robbery with a firearm (attempted), aggravated assault with a firearm, and/or illegal use of weapons/dangerous instrumentalities, under Booking Number [redacted] and/or 360022402646 including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| [DHS Seal] | Digitally signed by<br>Date: 2025.12.22 13:24:22 -06:00 |
| | (Signature) |
| | (Printed Name) |
| | Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Title) |
| | 12/22/2025 |
| | (Date) |

DHS Form I-138 (6/09)

**Ex. A-12**

# CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on _12/23/2025_ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

In person,

_____ (Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

Deportation officer
(Title of Official Serving Subpoena)

---

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature _____ Siena Hilliard

| Title | Date | Time |
|---|---|---|
| Paralegal | | ☐ a.m.  ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code)<br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY<br><br>**IMMIGRATION ENFORCEMENT<br>SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |
|---|---|
| Subpoena Number | |

| 2. In Reference To | |
|---|---|
| PORTILLO-GIFARO, JOSE | A# |
| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ■ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name @ice.dhs.gov) | 01/02/2026 |
| Title **Assistant Field Office Director** | |
| Address | (C) Time 04:30 ☐ a.m. ■ p.m. |
| Telephone Number | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for PORTILLO-GIFARO, JOSE: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to PORTILLO-GIFARO, JOSE's detention in the Orleans Parish Prison on 11/14/2025 for the charge of AGGRAVATED BATTERY WITH A DANGEROUS WEAPON, under Booking Number ▮ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| [DHS seal] | Digitally signed by<br>Date: 2025.12.22 13:25:02 -06:00 |
| | (Signature) |
| | |
| | (Printed Name) |
| | Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Title) |
| | 12/22/2025 |
| | (Date) |

DHS Form I-138 (6/09)

**Ex. A-13**

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on ___12/23/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

In person

(Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

___D.O.___
(Title of Official Serving Subpoena)

---

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

| Signature | | | |
|---|---|---|---|
| Sierra Hilliard | | | |
| Title Paralegal | | Date | Time ☐ a.m. ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT**<br>**SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

2. In Reference To

| CAHUEC-RAMOS, WILLIAM | A# ▓▓▓▓▓▓ |
|---|---|
| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ■ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ▓▓▓▓▓▓▓▓▓▓▓▓ @ice.dhs.gov) | 01/02/2026 |
| Title    Assistant Field Office Director | |
| Address ▓▓▓▓▓▓▓▓▓▓ | (C) Time 04:30    ☐ a.m. ■ p.m. |
| Telephone Number ▓▓▓▓▓▓ | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for CAHUEC-RAMOS, WILLIAM: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to CAHUEC-RAMOS, WILLIAM's detention in the Orleans Parish Prison on 11/16/2025 and/or 11/30/2025 for the charge of public drunkeness, interfering with a lawful investigation, lewd conduct, and/or multiple municipal attachments under Booking Number ▓▓▓▓▓▓ and/or 360032506094 including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| (DHS Seal) | Digitally signed by ▓▓▓<br>Date: 2025.12.22 13:22:29 -06:00<br>(Signature) |
| | (Printed Name)<br>Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Title)<br>12/22/2025<br>(Date) |

DHS Form I-138 (6/09)

**Ex. A-14**

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on ___12/23/2023___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

in person

(Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

Deportation Officer
(Title of Official Serving Subpoena)

---

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature _____ Sierra Hilliard

| Title | Date | Time |
| --- | --- | --- |
| Paralegal | | ☐ a.m. ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT**<br>**SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

2. In Reference To

|  |  |
|---|---|
| VELASQUEZ-CORDOVA, KEYNOR JOEL | A# ▮ |
| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ☑ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ▮▮▮ @ice.dhs.gov) | 01/02/2026 |
| Title **Assistant Field Office Director** | |
| Address ▮▮▮ | (C) Time 04:30   ☐ a.m. ☑ p.m. |
| Telephone Number ▮▮▮ | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for VELASQUEZ-CORDOVA, KEYNOR JOEL: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to VELASQUEZ-CORDOVA, KEYNOR JOEL's detention in the Orleans Parish Prison on or about 11/14/2025 for the charge of domestic abuse battery (three counts), unauthorized entry of an inhabited dwelling, and domestic abuse aggravated assault, under Booking Number ▮▮▮ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| [DHS seal] | Digitally signed by ▮▮▮<br>Date: 2025.12.22 13:23:33 -06:00 |
| | (Signature) |
| | ▮▮▮ |
| | (Printed Name) |
| | Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Title) |
| | 12/22/2025 |
| | (Date) |

DHS Form I-138 (6/09)

# CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

## A. CERTIFICATE OF SERVICE

I certify that on ___12/23/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

___In-person___

_____ (Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

___D.O.___
(Title of Official Serving Subpoena)

## B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

| Signature    Sierra Hilliard | | |
|---|---|---|
| Title    Paralegal | Date | Time ☐ a.m. ☐ p.m. |

DHS Form I-138 (6/09)

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

In Reference To

Roster of alien inmates in the Orleans Justice Center ("OJC") _____ et al
(Title of Proceeding)                                     (File Number, if Applicable)

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO PRODUCE** the records (books, papers, or other documents) indicated in Block 3, to the CBP, ICE, or USCIS Official named in Block 2 on or before the place, date, and time specified. Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 2. | (B) **Date** November 24, 2025 |
|---|---|
| **(A) CBP, ICE or USCIS Official to whom you are required to produce records:**<br><br>Assistant Field Office Director<br>New Orleans Field Office<br>Enforcement and Removal Operations<br>U.S. Immigration and Customs Enforcement<br><br>Address:<br>Phone: | (C) **Time** 5:00 PM CST |

**3. Records required to be produced:**

A list of all inmates in your custody who have failed to provide verifiable identity documents that correspond with lawful presence in the United States. For this list, please include the following information about the subject: name, date of birth, demographic information, address, FBI number (if applicable), driver's license number (if applicable), state identification card number (if applicable), passport numbers (if available).



| 5. Authorized Official | Digitally signed by<br>Date: 2025.11.17 17:51:19 -06'00' |
|---|---|
| | (Signature) |



(Printed Name)
Deputy Field Office Director

If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 2.

(Title)
11/17/2025

(Date)

**CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT**

**Ex. A-16**

## A. CERTIFICATE OF SERVICE

I certify that on 11/18/2025 , I served this subpoena on the individual named in Block 1 in the following manner:

(Date)

In Person

████████████████████████ (Details of how service was effected)

(Signature of Official Serving Subpoena)

████████████████████████

(Printed Name of Official Serving Subpoena)

Deportation Officer.

(Title of Official Serving Subpoena)

## B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

Title  Legal Department

Date 11/18/25

Time 1143

☐ a.m
☐ p.m.

---

**Notice**: IT IS A CRIME TO HABOR OR CONCEAL A PERSON WANTED BY THE FEDERAL GOVERNMENT.

Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined under this title or imprisoned not more than one year, or both; except that if the warrant or process issued on a charge of felony, or after conviction of such person of any offense, the punishment shall be a fine under this title, or imprisonment for not more than five years, or both. 18 U.S.C. § 1071.

Pursuant to 8 U.S.C. § 1357(a)(1), DHS officers are authorized even without a warrant to interrogate any alien or person believed to be an alien as to his/her right to be or remain in the United States.

DHS officers are authorized to arrest a removable alien under the immigration laws pursuant to an administrative warrant pending a decision on whether they will be removed from the United States, under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(b), or pending removal, under 8 C.F.R. § 241.2(a)(1), and may arrest removable aliens under certain circumstances without a warrant pursuant to 8 U.S.C. § 1357(a). Under no circumstance is a judicial warrant required for the arrest of an alien under the immigration laws.

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>to **Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

In Reference To

| Roster of alien inmates in the Orleans Justice Center ("OJC") | ▆▆▆▆ et al |
|---|---|
| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO PRODUCE** the records (books, papers, or other documents) indicated in Block 3, to the CBP, ICE, or USCIS Official named in Block 2 on or before the place, date, and time specified. Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 2.<br><br>(A) **CBP, ICE or USCIS Official to whom you are required to produce records:**<br><br>▆▆▆▆<br>Assistant Field Office Director<br>New Orleans Field Office<br>Enforcement and Removal Operations<br>U.S. Immigration and Customs Enforcement<br><br>Address: ▆▆▆▆▆▆▆<br>Phone: ▆▆▆▆ | (B) **Date** December 1, 2025<br><br><br>(C) **Time** 5:00 PM CST |
|---|---|

3. **Records required to be produced:**

A list of all inmates in your custody who have failed to provide verifiable identity documents that correspond with lawful presence in the United States. For this list, please include the following information about the subject: name, date of birth, demographic information, address, FBI number (if applicable), driver's license number (if applicable), state identification card number (if applicable), passport numbers (if available).

| | 5. Authorized Official ▆▆▆▆ Digitally signed by ▆▆▆▆<br>Date: 2025.11.25 14:55:36 -06'00' |
|---|---|
| | (Signature) |
| | (Printed Name)<br>Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 2. | (Title)<br>November 25, 2025 |
| | (Date) |

**CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT**

**Ex. A-17**

## A. CERTIFICATE OF SERVICE

I certify that on 11/26/25 , I served this subpoena on the individual named in Block 1 in the following manner:
(Date)

HAND DELivered

(Details of how service was effected)

(Signature of Official Serving Subpoena)

(Printed Name of Official Serving Subpoena)

SDDO

(Title of Official Serving Subpoena)

## B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature _____ Sierra Hilliard

| Title | Date | Time |
|-------|------|------|
| Paralegal | 11/26/25 | 9:52 ☐ a.m. ☑ p.m. |

---

**Notice:** IT IS A CRIME TO HABOR OR CONCEAL A PERSON WANTED BY THE FEDERAL GOVERNMENT.

Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined under this title or imprisoned not more than one year, or both; except that if the warrant or process issued on a charge of felony, or after conviction of such person of any offense, the punishment shall be a fine under this title, or imprisonment for not more than five years, or both. 18 U.S.C. § 1071.

Pursuant to 8 U.S.C. § 1357(a)(1), DHS officers are authorized even without a warrant to interrogate any alien or person believed to be an alien as to his/her right to be or remain in the United States.

DHS officers are authorized to arrest a removable alien under the immigration laws pursuant to an administrative warrant pending a decision on whether they will be removed from the United States, under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(b), or pending removal, under 8 C.F.R. § 241.2(a)(1), and may arrest removable aliens under certain circumstances without a warrant pursuant to 8 U.S.C. § 1357(a). Under no circumstance is a judicial warrant required for the arrest of an alien under the immigration laws.

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

In Reference To

Roster of alien inmates in the Orleans Justice Center ("OJC")  ████████ et al
(Title of Proceeding)                                          (File Number, if Applicable)

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO PRODUCE** the records (books, papers, or other documents) indicated in Block 3, to the CBP, ICE, or USCIS Official named in Block 2 on or before the place, date, and time specified. Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 2. | (B) **Date** December 8, 2025 |
|---|---|
| (A) **CBP, ICE or USCIS Official to whom you are required to produce records:**<br><br>████████<br>Acting Assistant Field Office Director<br>New Orleans Field Office<br>Enforcement and Removal Operations<br>U.S. Immigration and Customs Enforcement<br><br>Address: ████████████<br>Phone ████████ | (C) **Time** 5:00 PM CST |

3. **Records required to be produced:**

A list of all inmates in your custody who have failed to provide verifiable identity documents that correspond with lawful presence in the United States. For this list, please include the following information about the subject: name, date of birth, demographic information, address, FBI number (if applicable), driver's license number (if applicable), state identification card number (if applicable), passport numbers (if available).

| | 5. Authorized Official _____ | Digitally signed by ████<br>Date: 2025.12.01 14:57:01 -06'00' |
|---|---|---|
| | (Signature) | |
| | ████████ | |
| | (Printed Name)<br>Deputy Field Office Director | |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 2. | (Title)<br>December 1, 2025 | |
| | (Date) | |

**CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT**

## A. CERTIFICATE OF SERVICE

I certify that on __12-2-2025__ , I served this subpoena on the individual named in Block 1 in the following manner:
         (Date)

         __In Person__

█████████████████████
(Details of how service was effected)

█████████████████████
(Signature of Official Serving Subpoena)

████████████████
(Printed Name of Official Serving Subpoena)

_D. O._
(Title of Official Serving Subpoena)

## B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature _[signature]_

| Title | Date | Time |
|---|---|---|
| Paralegal | 12/2/26 | 10:35 ☐ a.m. ☐ p.m. |

---

**Notice**: IT IS A CRIME TO HABOR OR CONCEAL A PERSON WANTED BY THE FEDERAL GOVERNMENT.

Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined under this title or imprisoned not more than one year, or both; except that if the warrant or process issued on a charge of felony, or after conviction of such person of any offense, the punishment shall be a fine under this title, or imprisonment for not more than five years, or both. 18 U.S.C. § 1071.

Pursuant to 8 U.S.C. § 1357(a)(1), DHS officers are authorized even without a warrant to interrogate any alien or person believed to be an alien as to his/her right to be or remain in the United States.

DHS officers are authorized to arrest a removable alien under the immigration laws pursuant to an administrative warrant pending a decision on whether they will be removed from the United States, under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(b), or pending removal, under 8 C.F.R. § 241.2(a)(1), and may arrest removable aliens under certain circumstances without a warrant pursuant to 8 U.S.C. § 1357(a). Under no circumstance is a judicial warrant required for the arrest of an alien under the immigration laws.

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number
ICE-ERO-NOL-OPSO-L25-0011

2. In Reference To

Roster of alien inmates in the Orleans Justice Center ("OJC")     N/A
(Title of Proceeding)                                              (File Number, if Applicable)

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO PRODUCE** the records (books, papers, or other documents) indicated in Block 3, to the CBP, ICE, or USCIS Official named in Block 2 on or before the place, date, and time specified. Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 2. | (B) **Date** January 6, 2026 |
|---|---|
| (A) **CBP, ICE or USCIS Official to whom you are required to produce records:** | |
| ▉<br>Assistant Field Office Director<br>New Orleans Field Office<br>Enforcement and Removal Operations<br>U.S. Immigration and Customs Enforcement | (C) **Time** 5:00 PM CST |
| Address: ▉<br>Phone: ▉ | |

3. **Records required to be produced:**

A list of all inmates in your custody who have failed to provide verifiable identity documents that correspond with lawful presence in the United States. For this list, please include the following information about the subject: name, date of birth, demographic information, address, FBI number (if applicable), driver's license number (if applicable), state identification card number (if applicable), passport numbers (if available). For each subject, please also provide documents describing the charge related to the subject's detention in the Orleans Parish Prison including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.



| 5. Authorized Official ▉ | Digitally signed by ▉<br>Date: 2025.12.30 15:11:46 -06'00' |
|---|---|
| | (Signature) |
| | (Printed Name) |
| | Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 2. | (Title) |
| | December 30, 2025 |
| | (Date) |

DHS Form I-138 (6/09)

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

### A. CERTIFICATE OF SERVICE

I certify that on ___12/31/2025___ , I served this subpoena on the individual named in Block 1 in the following manner:

(Date)

_in Person_

(Details of how service was effected)

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

(Signature of Official Serving Subpoena)

▓▓▓▓▓▓▓▓▓▓▓▓

(Printed Name of Official Serving Subpoena)

_Deportation Officer 8938_

(Title of Official Serving Subpoena)

### B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature _Ebony Lathanel_

| Title | Date | Time |
|---|---|---|
| _Sergeant_ | 12/31/25 | 1120 ☒ a.m. ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>to Appear and/or Produce Records<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number
ICE-ERO-NOL-OPSO-A26-0001

2. In Reference To

| Roster of alien inmates in the Orleans Justice Center ("OJC")<br>(Title of Proceeding) | N/A<br>(File Number, if Applicable) |
|---|---|

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO PRODUCE** the records (books, papers, or other documents) indicated in Block 3, to the CBP, ICE, or USCIS Official named in Block 2 on or before the place, date, and time specified. Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 2. | (B) **Date** January 14, 2026 |
|---|---|
| (A) **CBP, ICE or USCIS Official to whom you are required to produce records:** | |
| Assistant Field Office Director<br>New Orleans Field Office<br>Enforcement and Removal Operations<br>U.S. Immigration and Customs Enforcement | (C) **Time** 5:00 PM CST |
| Address:<br>Phone: | |

3. **Records required to be produced:**

A list of all inmates in your custody who have failed to provide verifiable identity documents that correspond with lawful presence in the United States. For this list, please include the following information about the subject: name, date of birth, demographic information, address, FBI number (if applicable), driver's license number (if applicable), state identification card number (if applicable), passport numbers (if available). For each subject, please also provide documents describing the charge related to the subject's detention in the Orleans Parish Prison including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official | Digitally signed by<br>Date: 2026.01.07 07:55:28<br>-06'00' |
|---|---|---|
| | (Signature) | |
| | (Printed Name)<br>Deputy Field Office Director | |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 2. | (Title)<br>January 7, 2026 | |
| | (Date) | |

DHS Form I-138 (6/09)

Ex. A-20

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on ___1/7/2025___ , I served this subpoena on the individual named in Block 1 in the following manner:
(Date)

In person

████████████ service was effected)

(Signature of Official Serving Subpoena)

████████████

(Printed Name of Official Serving Subpoena)

Deportation Officer

(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

| Title | Date | Time |
|---|---|---|
| Public Record Admin . | 1/7/26 | 12:40 ☐ a.m. ☐ p.m. |

*Sive Hilliard*
*Sierra Hilliard*
*12/1/25 @ 2:53 pm*

*Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
New Orleans Field Office




**U.S. Immigration and Customs Enforcement**

*Personal Service*

November 30, 2025

**Via Hand Delivery and Certified Mail**
Jeworski "Jay" Mallett, Deputy Chief of Corrections
Orleans Parish Sheriff's Office
2800 Perdido Street
New Orleans, Louisiana 70119

     Re:    Compliance with Immigration Enforcement Subpoenas issued pursuant to
              8 U.S.C. § 1225(d), 8 C.F.R. § 287.4

Dear Deputy Chief Mallet:

This letter is to address several outstanding subpoenas issued by my office to the Orleans Parish Sheriff's Office pursuant to 8 U.S.C. § 1225(d), 8 C.F.R. § 287.4, as outlined below.

### A. Subpoenas for witnesses and records served on October 17, 2025

On October 17, 2025, your office received subpoenas for the production of the below-listed witnesses and their associated identification documents to my office. These witnesses possess relevant information relating to the administration of U.S. immigration laws. A copy of each subpoena and proof of service of same is attached to this letter as indicated.

1. Arzu-Osorto, Jose Fernando; DOB ▮▮▮ A# ▮▮ ▮▮▮ (Attachment 1)
2. Castillo-Aguilera, Armindio Jose; DOB ▮▮▮, A# ▮▮▮ (Attachment 2)

As of the date of this letter, neither these witnesses nor their associated identification documentation have been produced to my office.

### B. Subpoenas for witnesses and records served on November 5, 2025

On November 5, 2025, your office received subpoenas for the production of the below-listed witnesses and their associated identification documents to my office. A copy of each subpoena and proof of service of same is attached to this letter as indicated.



1. Arzu-Gamboa, Eric; DOB ▮▮▮▮, A# ▮▮▮ (Attachment 3)
2. Vasquez-Mateo, Hilda; DOB: ▮▮▮, A# ▮▮ (Attachment 4)
3. Velez-Hernandez, Jose; DOB: ▮▮▮ A# ▮▮ (Attachment 5)
4. Umanzor-Juarez, Teony; DOB: ▮▮▮ A# ▮▮▮ (Attachment 6)

As of the date of this letter, neither these witnesses nor their associated identification documentation have been produced to my office.

<span style="color:red">**Ex. A-21**</span>

### C. Subpoena for list of alien inmates served on November 18, 2025

On November 18, 2025, your office received a subpoena for the production of a list of inmates in your custody who have failed to provide verifiable identity documents corresponding with lawful presence in the United States. I have attached a copy of that subpoena and proof of service of same to this letter as Attachment 7. As of the date of this letter, the requested information has not been produced to my office.

### D. Request for compliance

The production of these individual witnesses, the witnesses' identification documents, and a list of alien inmates in your custody will assist the U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Office of Enforcement and Removal Operations (ERO) in its enforcement of U.S. immigration laws. Due to the essential nature of the requested witnesses and documents, I ask that you produce the requested witnesses and documents to ERO's office on or before Monday, December 8, 2025, at 5:00 PM. If no response is received, ERO will request that the United States Attorney seek judicial intervention via an order pursuant to 8 U.S.C. § 1225(d)(4)(B), 8 C.F.R. § 287.4(d), and any additional remedies available under the law.

Should you have any questions regarding the foregoing, please contact me at (504) 520-0396.

Sincerely,

Digitally signed by ▮▮▮▮

Date: 2025.11.30 12:42:21 -06'00'

Deputy Field Office Director
Enforcement and Removal Operations, New Orleans

Attachments: Seven (7) Immigration Enforcement Subpoenas issued pursuant to
8 U.S.C. § 1225(d), 8 C.F.R. § 287.4

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Orleans Parish Sheriff's Office
Attn: JEWORSKI "JAY" Mallett
Deputy Chief of Corrections
2800 PERDIDO ST.
NEW Orleans LA 70119



9590 9402 9698 5199 0879 55

2. Article Number *(Transfer from ...)*
9589 0710 5270 1974 4624 95

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

CAROLYN YOUNG

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:  ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ ...ct on Delivery Restricted Delivery
☐ ...ed Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 9698 5199 0879 55

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

USDHS / ICE/ERO
NEW ORLEANS FIELD OFFICE

| From: | ████████ |
|---|---|
| To: | Comeaux, Tracey; Williams, John |
| Cc: | Mallett, Jeworski; ████████████████████████ |
| Subject: | RE: ICE Subpoenas |
| Date: | Thursday, January 8, 2026 10:27:41 AM |
| Attachments: | CACHO Gusman Settlement_Dtr Policy_Arbitration_EDLA.pdf |
| | ERO New Orleans Letter Requesting Jail Access - Orleans Parish Louisiana August 20 2025.pdf |
| | Letters from Attorney General Bondi to Sanctuary Jurisdictions - City of New Orleans.pdf |
| | Orleans Parish Reply to ICE June 2025.pdf |
| | ERO New Orleans Letter to Noncompliant Sheriffs - Orleans Parish Louisiana June 3 2025.pdf |
| | Enacted Act. No 314 May 28 2024.pdf |
| | Orleans Parish Subpoena Compliance Letter - Signed 11.29.25.pdf |
| | 287(g) MOA Task Force Model Template - 2025.pdf |
| | 287(g) MOA Warrant Service Officer Program Template - 2025.pdf |
| | 287(g) MOA Jail Enforcement Model Template - 2025.pdf |

Good afternoon, per your request at our meeting on Wednesday, January 7, 2027, about ICE subpoenas.  We had an agenda as follows

- Discussion of the OPSO position on doing away with ICE Procedures June 2013 sanctuary policy
- Compliance with ICE subpoenas concerning specific OPSO inmates and ICE requests for lists of OPSO inmates
- ICE partnerships available to OPSO, pursuant to federal statute and Louisiana state law
- A way forward after OPSO comes into compliance with ICE Detainers

As to our agencies' positions on these matters, we differ greatly.  I once again renew my advice to the OPSO that the Sheriff or her delegate withdraw your 2013 sanctuary policy and come into full compliance with ICE access to your facility at the OJC, and honor each and every detainer that ICE files and that ICE has already filed.  I also recommend that you comply as soon as possible with the ICE issued subpoenas, with some clarifications below.  **You are advised to come into full compliance with these matters by COB January 9, 2026.**

We can work with you on the processes to do that.  It makes no sense going into research and case law, when the settlement language attached clearly states your policy should have remained in effect, only until the engrossed Act 314 became effective in May 2024.  "The Parties agree, and the Court so orders, that the Sheriff shall adopt and implement the Orleans Parish Sheriff's Office Policy on Immigration and Customs Enforcement (ICE) Procedures (herein "Policy") as set forth in Exhibit B, incorporated herein, which has <mark>permanent effect, absent a change in federal or state law applicable to immigration detainers.</mark>"

As to the ICE subpoenas.  You should **by January 9, 2026**, if an inmate we specifically subpoenaed needs to be released, produce them to ICE or follow the other instructions on the subpoenas.  Concerning the request for lists of inmates who have not provided verifiable identity documents that correspond with lawful presence in the United States: this would be individuals whom the OPSO knows failed to provide driver's licenses, some sort of state ID or social security number. Or for those who possessed identity documents indicating foreign birth – non-US passport, national identity document, foreign DL, etc.  If you have this information on OPSO inmates, you need to respond to the subpoenas.  If you have new OPSO inmates booked after your response,  when ICE files new

subpoenas for the lists you need to respond with information on the new OPSO inmates meeting these categories.  It is not an investigation or initiation of a status query by your agency, as ICE would be further investigating the inmates since your sanctuary policy bars us from the OJC.  Touching on your 2013 policy, its part #3 violates federal immigration law.  Full copy of that federal statute is below.

I attached information on all three ICE 287(g) partnerships available to you as of today.  The Sheriff has only to make an application at our website.  Her POC doing that can list me as the ICE official advising you.

For the way forward when your agency comes into compliance with ICE processes – currently, we have about a 1.5 page simple document showing how we deal with possible detainer situations as of today at the OJC.  These SOPs would be open to collaboration with the OPSO on improving them and getting your agency into compliance with our needed interviews and honoring all ICE Detainers, in a matter of hours.  Suggested process is a staff meeting, an ICE 101 presentation and changing on the spot how OPSO receives and responds to ICE interview and Detainer requests.  That is the short term.  For the medium term we could work as requested with your training staff to advise your internal policies.  For the long-term bringing you on board as an ICE detention partner or an ICE 287(g) partner, would take a few weeks depending on the wait for OPSO staff to be trained and credentialed by ICE.  The OPSO honestly will face significant challenges in restoring trust within ICE and the New Orleans local community due to the OPSO's two decades of sanctuary status.

Lastly, I do not have a response to our letter requesting access to DPSC inmates, unless I missed your reply.  Thank you.

[U.S.C. Title 8 - ALIENS AND NATIONALITY](#)

**8 U.S.C.**
United States Code, 2024 Edition
Title 8 - ALIENS AND NATIONALITY
CHAPTER 12 - IMMIGRATION AND NATIONALITY
SUBCHAPTER II - IMMIGRATION
Part IX - Miscellaneous
Sec. 1373 - Communication between government agencies and the Immigration and Naturalization Service
From the U.S. Government Publishing Office, [www.gpo.gov](http://www.gpo.gov)

**§1373. Communication between government agencies and the Immigration and Naturalization Service**
**(a) In general**
Notwithstanding any other provision of Federal, State, or local law, a Federal, State, or local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual.
**(b) Additional authority of government entities**

Notwithstanding any other provision of Federal, State, or local law, no person or agency may prohibit, or in any way restrict, a Federal, State, or local government entity from doing any of the following with respect to information regarding the immigration status, lawful or unlawful, of any individual:

> (1) Sending such information to, or requesting or receiving such information from, the Immigration and Naturalization Service.
> (2) Maintaining such information.
> (3) Exchanging such information with any other Federal, State, or local government entity.

**(c) Obligation to respond to inquiries**

The Immigration and Naturalization Service shall respond to an inquiry by a Federal, State, or local government agency, seeking to verify or ascertain the citizenship or immigration status of any individual within the jurisdiction of the agency for any purpose authorized by law, by providing the requested verification or status information.

(Pub. L. 104–208, div. C, title VI, §642, Sept. 30, 1996, 110 Stat. 3009–707.)

██████████████

Acting Field Office Director
New Orleans Field Office

**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**
████████████

---

**From:** Comeaux, Tracey ███████████████████
**Sent:** Thursday, December 11, 2025 3:14 PM
**To:** ██████████████████████████
**Cc:** ████████████████████████ Mallett, Jeworski ████████████ Williams, John ██████████████████
**Subject:** ICE Subpoenas

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon Ms. ██████

Thanks for contacting me about ████████████ November 30th letter addressed to OPSO. As discussed, we are happy to meet early next month (via zoom) regarding the subject of ████████ letter and propose the following dates: January 7, 9, 10 or 13.

Let me know which date works best for you and your team.

Thanks,

Tracey

**Tracey J. Comeaux**
Chief Legal Officer
███████████
**Orleans Parish Sheriff's Office**

| From: | Williams, John |
|---|---|
| To: | ▓▓▓▓▓▓▓▓ Comeaux, Tracey |
| Cc: | Mallett, Jeworski; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| Subject: | Re: ICE Subpoenas |
| Date: | Friday, January 9, 2026 11:06:09 AM |

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good Day Sir, we are in receipt of your correspondence.  Thank you for the summary of our conversation and the information requested during our call.  We look forward to continuing to work with you on these issues.


John S. Williams
Chief of Staff
▓▓▓▓▓▓▓▓▓

---

**From:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Sent:** Thursday, January 8, 2026 10:26 AM
**To:** Comeaux, Tracey <▓▓▓▓▓▓▓▓▓▓>; Williams, John <▓▓▓▓▓▓▓▓▓▓>
**Cc:** Mallett, Jeworski <▓▓▓▓▓▓▓▓▓▓>; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Subject:** RE: ICE Subpoenas

Good afternoon, per your request at our meeting on Wednesday, January 7, 2027, about ICE subpoenas.  We had an agenda as follows

- Discussion of the OPSO position on doing away with ICE Procedures June 2013 sanctuary policy
- Compliance with ICE subpoenas concerning specific OPSO inmates and ICE requests for lists of OPSO inmates
- ICE partnerships available to OPSO, pursuant to federal statute and Louisiana state law
- A way forward after OPSO comes into compliance with ICE Detainers

As to our agencies' positions on these matters, we differ greatly.  I once again renew my advice to the OPSO that the Sheriff or her delegate withdraw your 2013 sanctuary policy and come into full compliance with ICE access to your facility at the OJC, and honor each and every detainer that ICE files and that ICE has already filed.  I also recommend that you comply as soon as possible with the ICE issued subpoenas, with some clarifications below.  **You are advised to come into full compliance with these matters by COB January 9, 2026.**

<span style="color:red">Ex. A-23</span>

We can work with you on the processes to do that.  It makes no sense going into research and case law, when the settlement language attached clearly states your policy should have remained in effect, only until the engrossed Act 314 became effective in May 2024.  "The Parties agree, and the Court so orders, that the Sheriff shall adopt and implement the Orleans Parish Sheriff's Office Policy on Immigration and Customs Enforcement (ICE) Procedures (herein "Policy") as set forth in Exhibit B, incorporated herein, which has ==permanent effect, absent a change in federal or state law applicable to immigration detainers==."

As to the ICE subpoenas.  You should **by January 9, 2026**, if an inmate we specifically subpoenaed needs to be released, produce them to ICE or follow the other instructions on the subpoenas. Concerning the request for lists of inmates who have not provided verifiable identity documents that correspond with lawful presence in the United States: this would be individuals whom the OPSO knows failed to provide driver's licenses, some sort of state ID or social security number. Or for those who possessed identity documents indicating foreign birth – non-US passport, national identity document, foreign DL, etc.  If you have this information on OPSO inmates, you need to respond to the subpoenas.  If you have new OPSO inmates booked after your response,  when ICE files new subpoenas for the lists you need to respond with information on the new OPSO inmates meeting these categories.  It is not an investigation or initiation of a status query by your agency, as ICE would be further investigating the inmates since your sanctuary policy bars us from the OJC.  Touching on your 2013 policy, its part #3 violates federal immigration law.  Full copy of that federal statute is below.

I attached information on all three ICE 287(g) partnerships available to you as of today.  The Sheriff has only to make an application at our website.  Her POC doing that can list me as the ICE official advising you.

For the way forward when your agency comes into compliance with ICE processes – currently, we have about a 1.5 page simple document showing how we deal with possible detainer situations as of today at the OJC.  These SOPs would be open to collaboration with the OPSO on improving them and getting your agency into compliance with our needed interviews and honoring all ICE Detainers, in a matter of hours.  Suggested process is a staff meeting, an ICE 101 presentation and changing on the spot how OPSO receives and responds to ICE interview and Detainer requests.  That is the short term.  For the medium term we could work as requested with your training staff to advise your internal policies.  For the long-term bringing you on board as an ICE detention partner or an ICE 287(g) partner, would take a few weeks depending on the wait for OPSO staff to be trained and credentialed by ICE.  The OPSO honestly will face significant challenges in restoring trust within ICE and the New Orleans local community due to the OPSO's two decades of sanctuary status.

Lastly, I do not have a response to our letter requesting access to DPSC inmates, unless I missed your reply.  Thank you.

[U.S.C. Title 8 - ALIENS AND NATIONALITY](#)

**8 U.S.C.**

United States Code, 2024 Edition
Title 8 - ALIENS AND NATIONALITY
CHAPTER 12 - IMMIGRATION AND NATIONALITY
SUBCHAPTER II - IMMIGRATION
Part IX - Miscellaneous
Sec. 1373 - Communication between government agencies and the Immigration and Naturalization Service
From the U.S. Government Publishing Office, www.gpo.gov

**§1373. Communication between government agencies and the Immigration and Naturalization Service**

**(a) In general**

Notwithstanding any other provision of Federal, State, or local law, a Federal, State, or local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual.

**(b) Additional authority of government entities**

Notwithstanding any other provision of Federal, State, or local law, no person or agency may prohibit, or in any way restrict, a Federal, State, or local government entity from doing any of the following with respect to information regarding the immigration status, lawful or unlawful, of any individual:

    (1) Sending such information to, or requesting or receiving such information from, the Immigration and Naturalization Service.

    (2) Maintaining such information.

    (3) Exchanging such information with any other Federal, State, or local government entity.

**(c) Obligation to respond to inquiries**

The Immigration and Naturalization Service shall respond to an inquiry by a Federal, State, or local government agency, seeking to verify or ascertain the citizenship or immigration status of any individual within the jurisdiction of the agency for any purpose authorized by law, by providing the requested verification or status information.

(Pub. L. 104–208, div. C, title VI, §642, Sept. 30, 1996, 110 Stat. 3009–707.)

██████████

Acting Field Office Director
New Orleans Field Office

**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**
████████████████

---

**From:** Comeaux, Tracey < ████████████ >
**Sent:** Thursday, December 11, 2025 3:14 PM

**To:** █████████████████████████████

**Cc:** ████████████████████████ Mallett, Jeworski <███████████>; Williams, John <████████████████>

**Subject:** ICE Subpoenas

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon Ms. █████

Thanks for contacting me about █████████'s November 30th letter addressed to OPSO. As discussed, we are happy to meet early next month (via zoom) regarding the subject of ████████ letter and propose the following dates: January 7, 9, 10 or 13.

Let me know which date works best for you and your team.

Thanks,
Tracey

**Tracey J. Comeaux**
Chief Legal Officer
████████████

**Orleans Parish Sheriff's Office**



| ORLEANS PARISH SHERIFF'S OFFICE | INDEX#: 501.15 | PAGE: 1 of 1 |
|---|---|---|
| | UPDATED: 6/21/13 | REVIEWED: 6/21/13 |
| CHAPTER: Inmate Acceptance, Booking, Release and Records | | |
| SUBJECT: Immigration and Customs Enforcement (ICE) Procedures | | |

## POLICY:

It is the policy of the Orleans Parish Sheriff's Office to cooperate with the United States Immigration and Customs Enforcement (ICE) in accordance with the following procedures:

1.      For purposes of this section, a voluntary Immigrations and Customs Enforcement ("ICE") detainer request shall be defined as any request, including but not limited to Form 1-247 (also known as a "48 hour hold"), which seeks continued detention of an inmate beyond expiration of municipal, state, or federal charges, or a finding of no probable cause, or a posting of bail or parole, or a completion of a sentence, or lifting of another jurisdiction or agency's detainer, or a court ordered release. ICE criminal warrants, or any court order for continued detention shall not be considered voluntary ICE detainer requests for purposes of this section.

2.      The Orleans Parish Sheriff's Office shall decline all voluntary ICE detainer requests unless the individual's charge is for one or more of the following offenses: First Degree Murder (La. R.S. 14:30); Second Degree Murder (La. R.S. 14:30.1); Aggravated Rape (La. R.S. 14:42); Aggravated Kidnapping (La. R.S. 14:44); Treason (La. R.S. 14:113); or Armed Robbery with Use of a Firearm (La. R.S. 14:64.3). If a court later dismisses or reduces the individual's charge such that the individual is no longer charged with one of the above offenses or the court recommends declining the ICE hold request, OPSO will decline the ICE hold request on that individual.

3.      OPSO officials shall not initiate any immigration status investigation into individuals in OPSO custody or affirmatively provide information on an inmate's release date or address to ICE.

4.      Prior to any interview pertaining to an ICE criminal investigation, ICE must notify the subject inmate's attorney, provide a reasonable opportunity for counsel to be present during the interview, and certify to OPSO that this notice and opportunity has occurred. Absent a criminal warrant or court order transferring custody, no ICE agent shall be permitted into the secure area of the Intake and Processing Center. Absent a court order, OPSO shall not allow ICE to conduct civil immigration status investigations at OPSO or otherwise interview an inmate before the detainee's first appearance.

5.      Any individual who alleges a violation of the policy set forth herein may file a written complaint for investigation with the Orleans Parish Sheriff's Director of Intake and Processing.

**Ex. A-24**