UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

MICHELLE WOODFORK, in her
official capacity as ORLEANS
PARISH CRIMINAL SHERIFF

MISCELLANEOUS CASE

NO. 26-0113

SECTION "O" (3)

## ORDER AND REASONS

Proposed Intervenor, Teony Umanzor-Juarez, filed a Motion to Intervene (R. Doc. 45) under Federal Rule of Civil Procedure 24. Petitioner filed an opposition,[1] and Umanzor-Juarez replied.[2] For the following reasons, the motion is granted.

## I.      Background

The United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) filed this administrative subpoena enforcement action against the Orleans Parish Sheriff's Office (OPSO), through former Sheriff Susan Hutson in her official capacity as Orleans Parish Criminal Sheriff. Sheriff Michelle Woodfork has been substituted automatically as a respondent pursuant to Federal Rule of Civil Procedure 25(d). ICE seeks to enforce subpoenas requiring OPSO to provide: (1) a list of all inmates in OPSO custody "who have failed to provide verifiable identity documents that correspond with lawful presence in the United States,"

---

[1] R. Doc. 49.
[2] R. Doc. 50.

including OPSO database information about these inmates (list subpoena);[3] (2) specific documents regarding nine inmates (document subpoenas);[4] and (3) physical production of six inmates to testify before ICE *or* facilitation of videoconferences for that same purpose (testimony subpoenas).[5] OPSO refused to comply with the subpoenas. This enforcement action followed.

Proposed intervenor Umanzor-Juarez is an OPSO inmate and the subject of one of the testimony subpoenas. Certain of his information is the subject of the list and document subpoenas. Umanzor-Juarez objects to providing testimony to ICE and to OPSO's production of information about him. Umanzor-Juarez seeks to intervene to file a memorandum in opposition to ICE's enforcement petition against OPSO.

## II.    Standard of Law

Umanzor-Juarez seeks intervention of right under Rule 24(a) and, alternatively, permissive intervention under Rule 24(b). The Court finds that intervention is proper under Rule 24(a) without the need to address Rule 24(b).[6]

Under Rule 24(a), intervention of right requires the following elements:

> (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability

---

[3] R. Doc. 43-1 at 23. ICE revised the original subpoenas to reflect litigation developments.

[4] *Id*. at 1–12, 21–22, 25–28.

[5] *Id*. at 13–20; R. Doc. 43-2 at 1–4.

[6] For reasons that overlap with the Rule 24(a) analysis, Umanzor-Juarez would meet the Rule 24(b) standard.

2

to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (internal citation omitted). Umanzor-Juarez has the burden to establish the right to intervene. *La Union Del. Pueblo Entero v. Abbott,* 29 F.4th 299, 305 (5th Cir. 2022). Yet, "Rule 24 is to be liberally construed." *Texas v. United States,* 805 F.3d 653, 656 (5th Cir. 2015) (quoting *Brumfield*, 749 F.3d at 341). Courts are to permit intervention "where no one would be hurt and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)). If the court determines that an applicant has the right to intervene, the analysis ends. *Edwards v. City of Houston*, 78 F.3d 983, 1006 (5th Cir. 1996) ("Because we conclude that these applicants were entitled to intervene of right into these proceedings, we need not discuss the merits of [permissive intervention].").

## III.    Analysis

### A.    The Court has subject matter jurisdiction over Umanzor-Juarez's objections to the list and document subpoenas.

The Court has subject matter jurisdiction over Umanzor-Juarez's objections to the list and document subpoenas. *See Reisman v. Caplin*, 375 U.S. 440, 445 (1964) ("[B]oth parties summoned and those affected by a disclosure may appear or intervene before the District Court and challenge the summons by asserting their constitutional or other claims."). ICE does not contest that jurisdiction exists over these components of Umanzor-Juarez's opposition memorandum. ICE maintains,

3

however, that the Court lacks subject matter jurisdiction over Umanzor-Juarez's objection to testifying because no enforcement action has been brought against him.[7] It is unnecessary to slice and dice Umanzor-Juarez's brief before allowing him to file it. The Court will address ICE's prematurity argument in its forthcoming ruling on the enforcement petition.

**B.  Umanzor-Juarez's objections to the list and document subpoenas satisfy the standard for intervention as of right.**

Umanzor-Juarez has demonstrated that he is entitled to intervention as of right to oppose ICE's enforcement petition. Umanzor-Juarez moved to intervene ten days after learning that OPSO may produce documents to ICE that pertain to the legality of his presence in the United States.[8] *See Sierra Club,* 18 F.3d at 1206 (allowing intervention after a three-week delay); *Edwards v. City of Houston*, 78 F.3d at 1000 (allowing applicants to intervene after separate delays of thirty-seven and forty-seven days); *John Doe No. 1 v. Glickman,* 256 F.3d 371, 376 (5th Cir. 2001) (allowing intervention after a one-month delay). He claims a constitutionally protected privacy interest in those documents. Such an interest is sufficient if the law deems it worthy of protection, even if an intervenor would not have standing to invoke the law's protection. *See Texas*, 805 F.3d at 659. As a practical matter, enforcing the list and document subpoenas against OPSO could impede Umanzor-Juarez's ability to protect his interests. *See La Union del Pueblo Entero,* 29 F.4th at 307; *Atl. Richfield*

---

[7] R. Doc. 49 at 3.
[8] R. Doc. 45-2, ¶¶ 2–4.

4

*Co. v. FTC,* 546 F.2d 646, 649 (5th Cir. 1977) ("[T]he witness may challenge the summons on [the ground] that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution. . . . In addition, third parties might intervene to protect their interests."). Finally, OPSO and Umanzor-Juarez both oppose ICE's enforcement petition, but certain positions are unique to Umanzor-Juarez. *See La Union del Puebo Entero,* 29 F.4th at 308 (characterizing the burden to demonstrate that the representation by the existing party will be inadequate as "minimal").

Rather than contest that Umanzor-Juarez satisfies Rule 24, ICE focuses on the merits of his objections to the document and list subpoenas. "[A] proper basis for denying leave to intervene may be a finding that the proposed intervention would fail to state a claim." *Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1109 (5th Cir. 1991) (internal quotation and citation omitted). Umanzor-Juarez has not attempted to state a claim in the usual sense, however, and deciding the merits of his objections now would result in a piecemeal disposition of the litigation. The Court will address Umanzor-Juarez and ICE's dispute in its enforcement ruling.

## IV.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Intervene is **GRANTED** and that the proposed pleading (R. Doc. 45-5) be filed in the record.

**IT IS FURTHER ORDERED** that the Petition to Enforce Administrative

5

Subpoenas (R. Doc. 1) is taken under advisement without further briefing.

**IT IS FURTHER ORDERED** that the Clerk of Court amend the case caption

to reflect the above caption.

New Orleans, Louisiana, this 11th day of May, 2026.

_____

EVA J. DOSSIER

UNITED STATES MAGISTRATE JUDGE